

# THE ATTORNEY GENERAL
## OF TEXAS

November 14, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable John T. Montford.       Opinion No.   JM-979
Chairman
State Affairs Committee          Re:  Whether mass transit taxes
Texas State Senate               collected under article   1118z,
P. O. Box 12068                  V.T.C.S., may be used by a mun-
Austin, Texas  78711             icipality    to    maintain    its
                                 streets  (RQ-1535)


Dear Senator Montford:

You ask  whether taxes  dedicated to  mass transit  and
collected pursuant to article  1118z, V.T.C.S., may be  used
by a  municipality  to  maintain  its  public  streets.   We
conclude that such taxes may not be used for that purpose.

Article 1118z permits  certain incorporated cities  and
towns to establish a mass  transit department.  Id. §  2(a).
If a local sales and use tax dedicated to providing a method
of funding a mass transit system is approved by the  voters,
then the city  transit department may  build or acquire  and
operate such a system.  Id. §§  3, 4, 5, 7. Taxes  collected
pursuant to article 1118z "may be used only for mass transit
purposes."  Id. § 8(f).

The statute defines a mass transit "System" to mean

> all real and personal property owned or  held
> by an incorporated city or town and  operated
> . . . for mass  transit  purposes,  including
> land,     easements,    rights-of-way,    other
> interests in land,  franchises, rail and  bus
> lines,    stations,    platforms,    terminals,
> garages,   shops,   control   houses,   other
> buildings  and  structures,  rolling   stock,
> signals, other equipment, supplies, and other
> facilities necessary  or convenient  for  the
> use of or access  to mass transit by  persons
> or  vehicles   or  for   the  protection   or
> environmental enhancement of mass transit.

V.T.C.S. art. 1118z, § 1(6).  "Mass transit" is

> the transportation of passengers and their hand-carried packages or baggage by means of surface, overhead, or underground transportation except aircraft or taxicab.

Id. § 1(5).

The relevant powers of a municipal transit department operating a mass transit system include the power to:

> acquire, construct, own, operate, and maintain a system within a city or town. A department may use the streets, alleys, roads, highways, and other public ways within the city or town. In the construction, reconstruction, repair, maintenance, or operation of a system, a department may relocate, raise, reroute, change the grade of, or otherwise alter the construction of any:
>
> > (1) street, alley, highway, road, or railroad . . . .

V.T.C.S. art. 1118z, § 6(c).

Thus, nothing in the statute permits a municipality which has adopted a local sales and use tax to fund a municipal transit department to use those tax funds for the general maintenance of its public streets. Additionally, the statute unequivocally states that a transit department "may use the streets, alleys, roads, highways, and other public ways within the city or town." V.T.C.S. art. 1118z, § 6(c).

In our opinion, a transit system's right to "use" city streets necessarily includes the right to subject such streets to normal wear and tear such as must have been contemplated by the legislature when it adopted article 1118z with this provision. Nowhere does the statute tie the ordinary use of a public street to the payment of a fee by the transit department from tax funds raised solely for the purpose of funding the department's operation of a mass transit system.

Although the statute contemplates that the construction and operation of a mass transit system may require the department to undertake construction projects affecting city

streets, it limits the department's powers to only those circumstances requiring the <u>relocation</u>, <u>raising</u>, <u>rerouting</u>, <u>alteration</u>, or <u>changing</u> of the streets used by the mass transit system. V.T.C.S. art. 1118z, § 6(c). The ordinary maintenance of a city street over which the vehicles of a mass transit system may pass is thus not with the enumerated powers of the transit department upon which tax funds may be spent.

### S U M M A R Y

Taxes raised to pay for the acquisition and operation of mass transit system under the aegis of the mass transit department of a city or town, article 1118z, V.T.C.S., may not be used to pay for the maintenance of city streets.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by D. R. Bustion, II
Assistant Attorney General